IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TOMIKA HINDSON,<br><br>                Plaintiff,<br><br>   VS.<br><br>GENERAL MOTORS FINANCIAL COMPANY, INC., EXPERIAN INFORMATION SOLUTIONS, INC, EQUIFAX INFORMATION SERVICES, LLC, and TRANSUNION, LLC,<br><br>                Defendants. | 4:25-cv-00233-SHL-WPK<br><br>4:25-cv-00234-SHL-WPK<br><br>**ORDER DENYING**<br><br>**MOTIONS FOR RECUSAL** |
| TOMIKA HINDSON,<br><br>                Plaintiff,<br><br>   VS.<br><br>SLOAN/NELNET SERVICING, EXPERIAN INFORMATION SOLUTIONS, INC, EQUIFAX INFORMATION SERVICES, LLC, and TRANSUNION, LLC,<br><br>                Defendants. | |

      Plaintiff Tomika Hindson, proceeding pro se, has two cases currently pending for alleged violations of the Fair Credit Reporting Act ("FCRA"). Hindson seeks an order recusing the undersigned from presiding over both cases. (233 Dkt. 50; 234 Dkt. 42.[1]) For the reasons below, the Motion for Recusal is DENIED.

      By way of background, Hindson has filed many FCRA cases in the Southern District of Iowa that were assigned to the undersigned. This includes, as relevant to Hindson's current motion, *Hindson v. Med. Debt Resol., Inc.*, No. 4:24-CV-00285-SHL-WPK, 2025 WL 2203785, at *1 (S.D. Iowa Jan. 27, 2025), *aff'd as modified,* No. 25-1335, 2025 WL 2170329 (8th Cir. July 31, 2025).

---

[1] All references to "233 Dkt." are to the electronic case filing docket in Hindson's case against General Motors Financial Company Inc., Experian Information Solutions, Inc., Equifax Information Services, LLC, and TransUnion, LLC, Case No. 4:25-cr-00233 (S.D. Iowa). All references to "234 Dkt." are to the electronic case filing docket in Hindson's case against Sloan/Nelnet Servicing, Experian Information Solutions, Inc., Equifax Information Services, LLC, and TransUnion, LLC, Case No. 4:24-cv-00234 (S.D. Iowa).

There, Defendants Medical Debt Resolution, Inc. and TransUnion moved to dismiss Hindson's Complaint based on lack of Article III standing and/or because her claims failed as a matter of law. *Id*. While the motions to dismiss were pending, the case proceeded in the normal course; Magistrate Judge William Kelly held a status conference and entered orders on pretrial requirements and other motions. (*See* Case. No. 4:24-cv-285 (S.D. Iowa), ECF 18–33.) After reviewing the parties' briefing, the undersigned granted the motions to dismiss, concluding Hindson had not established a concrete injury for standing purposes. Because lack of standing is a jurisdictional defect, the Court did not reach the merits of Hindson's claims. *Hindson*, 2025 WL 2203785, at *3. On appeal, the Eighth Circuit stated: "Upon careful review, we conclude that the district court did not err in dismissing the case." *Hindson*, 2025 WL 2170329, at *1. The Eighth Circuit did, however, modify the dismissal to be without prejudice, since the dismissal was based on lack of standing. *Id.*

In July 2025, Hindson filed the two above-captioned cases. (233 Dkt. 1; 234 Dkt. 1.) Defendants in both cases have moved to dismiss, arguing that Hindson had not established Article III standing and/or that her claims fail as a matter of law. (*See* 233 Dkt. 37, 40, 41, 43; 234 Dkt. 26, 30, 31.) Those motions are pending. Hindson now seeks an order recusing the undersigned from presiding over these cases. (233 Dkt. 50; 234 Dkt. 42.) She asserts that the undersigned presided over a prior case involving Hindson and Defendant TransUnion, and that "[t]he prior case was dismissed on substantive grounds during the Discovery phase" when there were "unresolved motions." (Id., pp. 1–2.) She cites TransUnion's efforts to "discredit" her and states—without factual support—that "[i]t is possible that substantive matters in the prior case were discussed or influenced without Plaintiff's presence." (Id., p. 2.) Hindson submitted a notarized affidavit under penalty of perjury, repeating most of her claims. She did not, however, reassert the suggestion of *ex parte* communications. (Id., pp. 5–7.)

"Motions for recusal are serious business." *Ark. State Conf. NAACP v. Ark. Bd. of Apportionment*, 578 F. Supp. 3d 1011, 1015 (E.D. Ark. 2022). They implicate two key judicial obligations: the duty to remain impartial and the duty to hear cases as assigned. "The statutory law and judicial canons governing recusal seek to balance these two obligations." *Id.* at 1016. They provide, among other things, that a district court judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the

2

proceeding." 28 U.S.C. § 455(a), (b)(1); *see also* Code of Conduct for United States Judges, Canon 3(A)(2), (C)(1)(a). This test is an objective one. *See Tyler v. Purkett*, 413 F.3d 696, 704 (8th Cir. 2005). It asks "whether, from the perspective of 'the average person on the street,' a reasonable man knowing all of the circumstances 'would harbor doubts about the judge's impartiality.'" *Id.* (quoting *United States v. Poludniak*, 657 F.2d 948, 954 (8th Cir. 1981)). "A judge is presumed to be impartial, and 'the party seeking disqualification bears the substantial burden of proving otherwise.'" *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006) (quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003)).

"Judicial rulings rarely establish a valid basis for recusal." *United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.. . . they are proper grounds for appeal, not for recusal."); *Harris v. Missouri*, 960 F.2d 738, 740 (8th Cir. 1992) ("An unfavorable judicial ruling . . . does not raise an inference of bias or require the trial judge's recusal."). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. To establish deep-seated favoritism or antagonism, a moving party must "show[] that the judge had a disposition 'so extreme as to display clear inability to render fair judgment.'" *Denton*, 434 F.3d at 1111 (quoting *Liteky*, 510 U.S. at 551). "The Supreme Court has specifically held that 'expressions of impatience, dissatisfaction, annoyance, and even anger' are not sufficient to trigger the statute." *United States v. Sypolt*, 346 F.3d 838, 839 (8th Cir. 2003) (quoting *Liteky*, 510 U.S. at 555–56).

Hindson has not met her burden of proving that recusal is appropriate. Her arguments largely revolve around the adverse outcome of her prior case, which is not an appropriate reason for recusal. Moreover, although Hindson vaguely references a "procedural irregularity" in the handling of her prior case, she does not identify what rule or policy was violated other than a suggestion of *ex parte* communications between the undersigned and opposing parties. There were no such *ex parte* communications, full stop. Hindson also cites the attempt of one Defendant (TransUnion) to discredit her as a frequent pro se litigant but does not offer any facts suggesting that the Court has ever adopted that position or is ruling on that basis; indeed, although the undersigned made reference to the number of cases she has filed, this occurred in the context of

*denying* TransUnion's request for attorney's fees in the prior case. *See Hindson*, 2025 WL 2203785, at *1, *5. Moreover, and more generally, the undersigned has no animosity toward Hindson at all, much less animosity "so extreme as to display clear inability to render fair judgment." *Denton*, 434 F.3d at 1111 (quoting *Liteky*, 510 U.S. at 551). Instead, the undersigned is simply trying to decide cases based on the facts and law. To that end, the Eighth Circuit "careful[ly] review[ed]" Hindson's case and agreed that "the district court did not err in dismissing the case." *Hindson*, 2025 WL 2170329, at *1.

In these circumstances, Hindson's Motions for Recusal (233 Dkt. 50; 234 Dkt. 42) are DENIED.

**IT IS SO ORDERED.**

Dated: October 14, 2025

_____
STEPHEN H. LOCHER
U.S. DISTRICT JUDGE